## SUPREME COURT.

In the Matter of the SARATOGA AND SCHENECTADY RAILROAD COMPANY agt. THE SCHENECTADY STOVE COMPANY and others.

*Railroads — Condemnation of land for railroad purposes — Court no power to order a deposit of the sum awarded pending an appeal.*

When there is no dispute as to the parties entitled to receive the compensation awarded by a commission for property sought to be taken, nor disability to receive it, the court has no power to order a deposit of the sum awarded, or any part thereof, during an appeal to be taken by the railroad company from such appraisal.

*Albany Special Term, August, 1883.*

MOTION to confirm report of commissioners in proceedings to acquire title to lands needed for railroad purposes.

*Edwin Young* and *Henry Smith,* for railroad company.

*S. W. Jackson,* for landowners.

WESTBROOK, *J.* — The commissioners appointed by the court to appraise the property needed by the Saratoga and Schnectady Railroad Company have, by their report now presented for confirmation, found the value of the property sought to be taken to be $43,672.50. They further find that the Schenectady Stove Company is the owner in fee of such property, subject only to two mortgages held and owned by the executors of the last will and testament of Lyman Sanford, deceased, the amount due upon which the report specifies.

The Railway Company, being dissatisfied with the appraisal and being about to appeal therefrom, asks that a portion of the award, in and by the order confirming it, be directed to be deposited in some designated depository pending the appeal. To this the owner of the property objects, and insists,

that as there is no dispute as to the persons entitled to receive the money, nor any disability on the part of either to receive it, no order for confirmation of the report should be made containing a provision which shall prevent such persons, or any of them, from immediately obtaining the sum awarded.

The question thus presented is, has the court power to confirm the award of the commissioners, and to direct the deposit of the money found by the commissioners to be the value of the property sought to be acquired, or any part thereof, pending an appeal, when there is no dispute in regard to the parties, or persons entitled to receive it?

By the seventeenth section of the general railroad act (*chap.* 140 *of Laws of* 1850) it is provided that in the order of confirmation of the report of the commissioners, the court "shall also direct to whom the money is to be paid, or in what bank and in what manner it shall be deposited by the company."

The nineteenth section of the same act provides: "If there are adverse and conflicting claimants to the money, or any part of it, to be paid as compensation for the real estate taken, the court may direct the money to be paid into the said court by the company, and may determine who is entitled to the same, and direct to whom the same shall be paid; and may, in its discretion, order a reference to ascertain the facts on which such determination and order are to be made."

The eighteenth section of the act requires "a certified copy" of the order of confirmation to be "recorded at full length in the clerk's office of the county in which the land described in it is situated," and declares, "thereupon, and on the payment or deposit by the company of the money to be paid as compensation for the land, and for costs, expenses and counsel fees, as aforesaid and as directed by said order, the company shall be entitled to enter upon, take possession of, and use the said land for the purposes of its incorporation during the continuance of its corporate existence, by virtue of this or any other act; and all persons who have been made parties to the proceedings shall be divested and barred of all

right, estate, and interest in such real estate during the corporate existence of the company as aforesaid."

Provision is further made in such eighteenth section for an appeal, in which the court shall have power to order a new appraisal, which, when made, " shall be final and conclusive on all the parties interested." If by such second appraisal the amount awarded shall be increased, such increase "shall be a lien on the land appraised, and shall be paid by the company to the parties entitled to the same, or shall be deposited in the bank, as the court shall direct." If, however, the amount awarded by the first report shall be reduced on the new appraisal, the amount of such reduction " shall be refunded to the company by the party to whom the same may have been paid, and judgment therefor may be rendered by the court on the filing of the second report, against the party liable to pay the same."

The counsel for the railroad company contend that section 17 (quoted above) expressly confers upon the court the power to order the deposit, because it provides that the order of confirmation shall " direct to whom the money is to be paid, or in what bank, and in what manner it shall be deposited by the company." The counsel for the owners of the land, on the other hand, insists that this section shall be read in connection with section 19, and that such power to order the deposit only exists when there is a dispute as to the parties who are entitled to receive the money, and that in this case the deposit should not be directed, as there is no question whatever concerning the individuals entitled to receive the payment.

If the provisions of section 18 (also hereinbefore stated), which give to the corporation initiating the proceedings the right of occupancy of the land upon the recording of the certified copy order of confirmation, and " the payment *or deposit* by the company of the sums to be paid as compensation for the land," are considered, it will be seen that the effect of the order, if made in the form asked by the railroad company,

will be to give and award to the railroad company the possession of the land without making compensation to the owner. This cannot be done without a violation of the constitution of the state, which expressly declares (*art.* 1, *sec.* 7): " *When* private property shall be taken for any public use *the compensation to be made therefor*, when such compensation is not made by the state, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

This provision assumes that the right to take the property shall only exist when a " compensation" is " made therefor" at the time of such taking, for the ascertainment of the amount of which provision is also made. This is, perhaps, made more clear by giving to the word " when" one of Webster's definitions, which is, " at the time that," and substituting such definition in the reading for it so as to read thus: "At the time that private property shall be taken for any public use the compensation to be made therefor  *  *  *  shall be ascertained by a jury, or by not less than three commissioners, as shall be prescribed by law." A slight transposition of the words makes the thought still more manifest. The compensation to be made for private property at the time that it shall be taken for public use shall be ascertained, &c. This view of the constitution is not at all impaired by the concession that in cases where there is a dispute as to who is entitled to the award, the court may order a deposit of the money, and that the title given by the statute will in all such cases vest in the applicant before actual payment, for this is upon the principle, well stated by the superior court of the city of New York, through Jones, J., in *Strong* agt. *The New York Rubber Company* (1 Sweeny, 78, 87), " that if certain and ample provision be made by law, so that the owner can coerce payment of the compensation adjusted and awarded to him, through the judicial tribunals or otherwise, without any unreasonable or unnecessary delay, the constitutional requirement for the making of just compensation is sufficiently satisfied." It is

also true, however, as the learned judge further says, that as "this is substituting means for enforcing payment in place of actual payment, before such means can operate as a substitute they must become perfected and ripened so as to vest in the owner a present right of enforcement." It is needless to argue that the order prepared by the railroad company does not give to "the owner a present right of enforcement" of payment of the sum awarded, but it would, if the order had any validity, give to the petitioner the immediate right of occupancy of the property sought to be condemned, while the owner would be pursuing the purchase-price through the tedious machinery of courts.

*The Matter of the New York Central and Hudson River Railroad Company* (60 *N. Y.*, 116), sustains the view of the constitution just taken. In that proceeding the right of the railroad company to the possession of the property was given upon the deposit of the money awarded, and the order of deposit was sustained because of conflicting claims upon the fund deposited. If the deposit of the money was sufficient to transfer the title to the land, the decision of the court would have been upon that ground, and the fact that the answer to the constitutional objection was found only in such dispute in regard to the title to the fund, is clear evidence that our court of last resort saw no other.

This same question has also arisen in New Jersey and was decided in *Redman* agt. *The Philadelphia, Marlton and Medford Railroad Company* (33 *N. J. Eq. R.*, 165). The legislature had passed an act giving corporations seeking to condemn property the right to appropriate such property, when it had been duly appraised pending an appeal, on paying the money into court. The constitution of the state prohibited the taking by "individuals or private associations" of "private property for public use without just compensation first made to the owners." A provision not essentially different from ours, which, as has already been stated, provides for its taking upon a "compensation to be made therefor,"

"when," that is to say," at the time that" such "private property *shall be taken* for public use." The vice-chancellor, under the circumstances mentioned, enjoined the company from entering upon the lands appraised and constructing its road thereon.

As, then, the construction claimed for the general railroad act of the state by the railroad company, would render the act unconstitutional, such construction cannot be adopted and that claimed by the owner of the property must be sustained. Sections 17 and 19 must be read together, and the result is the conclusion, that the order for the deposit of money can only be made when there is a dispute as to the persons entitled to receive it or a disability to accept it. But in a case like the present, where the title to the money is clear and undisputed and the party is fully competent to accept and receive it, the order of confirmation must direct its payment or tender, at least, to the parties clearly entitled to it. This view of the intention of the act is strengthened by other provisions of section 19 hereinbefore given; those which require, when the second appraisal reduces the amount awarded by the first, the party to whom the amount of the first award may have been paid to refund to the company the amount of the reduction, and which authorize the court on the filing of the second report to render a judgment against the party liable to pay the same for the sum to be refunded. Very clearly these provisions assume the necessity of payment, or a tender, pending an appeal; and the omission of any provision for a deposit for the security of the owners of the property pending an appeal, or for the return of any deposit, when the valuation is reduced, is equally significant of legislative intent.

It was said upon the argument of this motion, that the company had a vital interest in obtaining a good title to the property sought to be acquired, and if the order in the form proposed by it would not transfer such title, the company would be the only sufferer. However plausible this view may seem, it is clearly unsound. Injury is always done by the entry of an illegal order. The order in the form proposed

would attempt, at least, to transfer property in a mode forbidden by the constitution, and such an attempt clearly concerns the court, which is asked to make it, even though its provisions would be nugatory. Holding the views expressed in this opinion, the order in the form asked for by the railroad company must be refused for two reasons: 1st. It would be an attempted violation of the constitution of the State; and 2d. It would not be in accordance with the provisions of the railroad act itself.

It is proper to add, that while entertaining the views which have been given, the court feels that the railroad company, if it is willing to forego the obtainment of possession of the property pending its appeal, should have an opportunity to review the assessment. An order will therefore be made, if the company so desires, suspending the operation of the order confirming the report of the commissioners during the pendency of such appeal.